UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANCISCA VILLANUEVA-MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-300 |
| | § | |
| WARDEN, EL VALLE DETENTION CENTER, | § | |
| *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Francisca Villanueva-Martinez is currently detained by Immigration and Customs Enforcement at El Valle Detention Center in Willacy County, Texas.  In this habeas action, Petitioner contests Respondents' ability to detain her without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).  She bases her habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, the Due Process Clause of the Fifth Amendment, and the Administrative Procedure Act.

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which foreclosed Petitioner's statutory arguments.  In light of that decision, the Court ordered Petitioner to file a Statement in support of her claims. (Order, Doc. 3) Petitioner timely complied with the order. (*See* Statement, Doc. 4)

Based on the record and the applicable law, the Court concludes that Petitioner does not present a viable claim.

## I.   Due Process Claim

Petitioner contends that the Fifth Amendment's Due Process Clause prohibits indefinite or prolonged civil detention without an individualized determination for individuals such as herself, and that Respondents violate this principle by detaining her under Section 1225(b)(2)(A) without an opportunity to seek bond. (Pet., Doc. 1, ¶¶ 45–60) Other courts have considered and

1 / 4

rejected substantively-similar arguments. *See, e.g.*, *Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024).  These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g.*, *Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[1]  Petitioner seeks to distinguish those cases, (*see* Statement, Doc. 4), but the Court finds the proposed distinctions unpersuasive.  For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate her due process rights under the Fifth Amendment.

Petitioner also alleges an as-applied challenge, emphasizing her particular circumstances, including her length of residence within the United States and her prior release from immigration detention under Section 1226(a). (Pet., Doc. 1, ¶¶ 45–49)  But she presents no authority to support her claim that these circumstances present a viable as-applied due process challenge.  In addition, Section 1225(b)(2)(a) authorizes her continued detention, as *Buenrostro* recognized.

## II.    APA Claim

Petitioner alleges that having initially detained her under Section 1226, and through which she obtained release, Respondents cannot reclassify and detain her under Section 1225(b)(2)(A)

---

[1] While recognizing that other district courts have reached a contrary conclusion on this issue–*see, e.g.*, *Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

2 / 4

without notice or other procedural protections, including a bond hearing.  Petitioner brings this challenge under the Administrative Procedure Act. (Pet., Doc. 1, ¶¶ 61–68)

As *Buenrostro* explained, Sections 1225 and 1226 "overlap[,]" rendering some aliens potentially covered by both statutes. *Buenrostro-Mendez*, 166 F.4th at 503.  The Fifth Circuit recognized that "[i]n contrast to past administrations, the current Administration has chosen to exercise a greater portion of its authority by treating applicants for admission under the provision designed to apply to them"–i.e., Section 1225. *Id.* at 507.  Here, while the United States initially detained Petitioner under Section 1226, Petitioner identifies no statutory or regulatory provision preventing Respondents from now exercising its authority under Section 1225, which, under *Buenrostro*, has applied to Petitioner since she entered the country without being admitted or paroled.

Ultimately, Petitioner enjoyed liberty within the United States for some years when past administrations exercised their discretion to forego applying Section 1225 to her.  But no statutory or regulatory provision, and no constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under Section 1225.  And this fact refutes Petitioner's argument based on the "Lyons Memo" and *Matter of Yajure Hurtado* effectuating a substantive change in detention policy. (*See* Statement, Doc. 4, 2)  Petitioner's argument may bear relevance if Respondents sought to re-detain Petitioner under Section 1226 based on a new application of that provision.  But Respondents take no such steps.  Rather, Respondents rely on their discretion to enforce Section 1225(b)(2)(A) in a manner that the Fifth Circuit has found permissible.

In addition, Section 1225(b)(2)(A) contains a material procedural protection by requiring detention only if a USCIS officer determines that an alien "is not clearly and beyond a doubt entitled to be admitted."  Thus, any alien has the opportunity to demonstrate clear entitlement to

admission, thus avoiding the statute's mandatory detention provision.  Here, Petitioner does not assert that she could make such a showing or that she was prevented from attempting to do so.

### III.    *Accardi* Claim

Petitioner additionally alleges that the revocation of her release was done in excess of statutory and regulatory authority, mandating relief under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954). (Pet., Doc. 1, ¶¶ 69–72)

"It is a given of administrative law that agencies must follow their own regulations." *Nat'l Auto. Dealers Ass'n v. Fed. Trade Comm'n*, 127 F.4th 549, 553 (5th Cir. 2025).  But "the proper vehicle for such claims is the Due Process Clause." *Ayala Chapa v. Bondi*, 132 F.4th 796, 799 n.3 (5th Cir. 2025).  The Court has concluded that Petitioner does not present a viable claim under that constitutional provision, which would also defeat the proposed *Accardi* claim.

### IV.    Conclusion

For these reasons, the Court concludes that Petitioner is not entitled to the relief that she requests.

Accordingly, it is:

**ORDERED** that Francisca Villanueva-Martinez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on June 3, 2026.

Fernando Rodriguez, Jr.
United States District Judge

4 / 4